UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MODULAR STEEL SYSTEMS, INC., *Plaintiff*, | ) ) ) | CASE NO. 3:23-cv-81 (KAD) |
| v. | ) ) | |
| HTFD BLDG CO LLC, PARK & MAIN, LLC, *Defendants*. | ) ) ) | OCTOBER 3, 2023 |

## MEMORANDUM OF DECISION
### RE: DEFENDANTS' MOTION TO DISMISS (ECF NO. 49) AND MOTION FOR DEFAULT ENTRY (ECF NO. 50)

Kari A. Dooley, United States District Judge:

This breach of contract action arises out of the planned construction of an apartment complex in Hartford, Connecticut. Pending before the Court is a motion to dismiss filed by Defendants, HTFD BLDG CO LLC and Park & Main LLC, for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). By separate motion, Defendants also seek the entry of a default pursuant to Fed. R. Civ. P. 55(a) with respect to their counterclaims against Plaintiff Modular Steel Systems, Inc. For the reasons that follow, the motion to dismiss is GRANTED and the motion for entry of a default is GRANTED as to Defendants' counterclaims. (ECF Nos. 49, 50)

**Procedural History**

On January 23, 2023, Plaintiff, represented by counsel, filed this action. The parties moved for an early settlement conference referral on January 30, 2023. On April 18, 2023, Magistrate Judge Garcia held a settlement conference with the parties. The case did not settle. On June 6, 2023, Plaintiff moved for an extension of time until July 14, 2023, to respond to Defendants' discovery requests.

On June 19, 2023, Attorneys Michael Pepe and Leena Phaguda, counsel for Plaintiff, moved to withdraw their appearances in this matter. Attached to the motion was a Notice to Plaintiff which advised Plaintiff, *inter alia*, that "[i]f you do not either obtain a new attorney or file an appearance on your own behalf[1] with the court, you will not receive notice of court proceedings in the case and a dismissal or default judgment may be rendered against you." ECF No. 40 at 4. The Court scheduled a hearing on the motion and directed Plaintiff's counsel to notify Plaintiff of the date and time of the hearing as well as its right to be heard on the motion. Despite receiving such notice, Plaintiff did not appear at the hearing, which took place on July 5, 2023. Upon a finding of good cause, the Court granted the motion to withdraw. In so doing, the Court stayed the proceedings for thirty days or until new counsel appeared, whichever was sooner. On August 9, 2023, with no counsel for Plaintiff yet appearing, the Court issued an order stating that an artificial entity such as Plaintiff cannot proceed *pro se* and must be represented by "an attorney licensed to practice law before our courts." ECF No. 47. The Court further noted that the stay had expired on August 4, 2023. In an effort to engage the Plaintiff, the Court directed the Clerk of the Court to mail a copy of the order to Plaintiff at the address identified in prior counsel's motion to withdraw. On September 6, 2023, the Court cancelled a previously scheduled telephonic status conference for the next day because Plaintiff still had not appeared through counsel or otherwise made any contact with the Court. Also on September 6, 2023, Defendants filed the instant motion to dismiss and motion for default entry on their counterclaims. In both motions, Defendants certify that they too sent a copy of both motions to Plaintiff at the address identified in prior counsel's motion to withdraw. Despite the passage of yet more time and notices from prior counsel, this

---

[1] As Plaintiff is a corporation, it must appear through counsel. *Jones v. Niagara Frontier Transp. Auth.* 722 F.2d 20, 22 (2d. Cir. 1983).

Court, and defense counsel, new counsel has not appeared on behalf of Plaintiff. The case has otherwise remained inactive since April 2023.

**Standard of Review**

Fed. R. Civ. P. 41(b) provides for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The Second Circuit has identified five factors to guide the Court's exercise of discretion under Rule 41(b), which ask whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). A "dismissal pursuant to Rule 41(b) operates as adjudication on the merits unless otherwise specified by the Court." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 89 (D. Conn. 2007).

**Discussion**

Upon consideration of the five factors discussed above, the Court concludes that dismissal of this matter due to Plaintiff's failure to secure counsel as ordered or to otherwise prosecute its claims is warranted. As an artificial entity, Plaintiff cannot proceed without counsel. And Plaintiff has been advised by prior counsel that the failure to obtain new counsel could result in dismissal of the case or the entry of a default judgment. Notwithstanding, counsel has not appeared for Plaintiff. There has been no meaningful activity in this file since the parties had their settlement conference with Judge Garcia in April 2023. The Court cannot engage in case management or otherwise progress this case to an adjudication on the merits without Plaintiff's participation. Nor, of course, can Defendants meaningfully defend against the allegations in the pending Complaint.

It appearing that Plaintiff has determined not to pursue its claims, the Court concludes that dismissal pursuant to Fed. R. Civ. P. 41(b) is appropriate.

**Conclusion**

For the foregoing reasons, the Defendants' motion to dismiss (ECF No. 49) is GRANTED. The motion for the entry of a default (ECF No. 50) is GRANTED. A default shall enter against the Plaintiff as to Defendants' counterclaims. Defendants are directed to file a motion for default judgment on or before November 2, 2023.

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of October 2023.

                                             */s/ Kari A. Dooley*
                                             KARI A. DOOLEY
                                             UNITED STATES DISTRICT JUDGE